**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ———————————————— | : | |
| In re: | : | **On Appeal From:** |
| | : | Case No.: 12-01185 |
| KARA HOMES, INC., *et al.*, | : | Chapter 11 |
| | : | Hon. Michael B. Kaplan, U.S.B.J. |
| Debtor. | : | |
| ———————————————— | : | |
| | : | |
| ZUDHI KARAGJOZI, *et al.*, | : | |
| | : | Case No. 3:19-cv-19110-BRM |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| GREENBAUM, ROWE, | : | |
| SMITH, & DAVIS, LLP., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |
| ZUDHI KARAGJOZI, | : | |
| | : | Case No. 3:19-cv-18703-BRM |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DAVID BRUCK, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |
| KARA HOMES, INC., *et al.*, | : | Case No. 3:19-cv-17223-BRM |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| GREENBAUM, ROWE, | : | **OPINION** |
| SMITH, & DAVIS, LLP., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an appeal filed by Appellant Zudhi Karagjozi ("Karagjozi") from the Bankruptcy Court's Order granting Respondents Greenbaum, Rowe, Smith, & Davis, LLP ("GRSD") and David Bruck, Esq.'s ("Bruck") (collectively, "Respondents") motion for reconsideration of the motion to dismiss. (Case No. 3:19-cv-19110-BRM, ECF No. 10.) Respondents oppose the appeal. (Case No. 3:19-cv-19110-BRM, ECF No. 11.) In addition to this appeal, Karagjozi moved for leave to raise the bankruptcy court's lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Case No. 3:19-cv-19110-BRM, ECF No. 12.) Respondents also oppose that motion. (Case No. 3:19-cv-19110-BRM, ECF No. 13.) Filed under separate case numbers, but related and also pending before the Court, are Respondents' Motion to Confirm and Adopt the Bankruptcy Court's Recommendation of Dismissal (Case No. 3:19-cv-18703-BRM) and Karagjozi's Motion to Withdraw Reference (Case No. 3:19-cv-17223-BRM). Having reviewed the parties' submissions before the Court and having declined to hear oral argument pursuant to Federal Rule of Civil Procedural 78(b), for the reasons set forth below, and for good cause shown, Karagjozi's appeal is **DISMISSED FOR LACK OF JURISDICTION**, Karagjozi's Motion to Raise the Bankruptcy Court's Lack of Subject Matter Jurisdiction is **DISMISSED AS MOOT**, Respondents' Motion to Confirm and Adopt the Bankruptcy Court's Recommendation of Dismissal (Case No. 3:19-cv-18703-BRM, ECF No. 2) is **GRANTED**, and Karagjozi's Motion to Withdraw Reference (Case No. 3:19-cv-17223-BRM, ECF No. 1) is **DISMISSED AS MOOT**.

I.   **BACKGROUND**[1]

This case arises out of an adversary proceeding in the Bankruptcy Court. *Karagjozi v. Bruck, et al.*, Case No. 12-01185-MBK. Karagjozi's company, Kara Homes, Inc., filed Chapter 11 bankruptcy on October 5, 2006, on the advice of its attorney, Bruck. GRSD served as counsel for Kara Homes during the proceedings. (Case No. 3:19-cv-18703-BRM, ECF No. 1 ¶ 1.) On January 13, 2012, Karagjozi filed a Complaint alleging professional negligence against Respondents in the Superior Court of New Jersey, Law Division which Respondents subsequently removed to bankruptcy court. (*Id.* ¶ 2.) Following removal, Karagjozi filed an Amended Complaint eliminating all allegations related to the bankruptcy action. (*Id.*) The bankruptcy court then remanded the case to state court where it proceeded for several years. (*Id.*)

After receiving Karagjozi's trial brief, Respondents again removed the case to bankruptcy court because they believed the brief implicated arguments and claims tied to the Chapter 11 case. (*Id.* ¶ 3.) The bankruptcy court denied Karagjozi's motion to remand, and the district court denied the subsequent motions for leave to appeal and withdrawal of reference. (*Id.* ¶¶ 3-4.) Thereafter, the case proceeded in the bankruptcy court. (*Id.* ¶ 4.)

Respondents filed a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(c) on April 5, 2019. (*Id.* ¶ 5.) The bankruptcy court denied the motion, relying in large part on a Consent Order from the state court proceedings wherein Karagjozi stated his claims were wholly distinct and separate from any claims or actions pertaining to the bankruptcy proceedings. (*Id.*) Respondents filed a motion to reconsider on August 5, 2019. (*Id.* ¶ 7.) On October 3, 2019, the

---

[1] The Court writes for the parties and assumes familiarity of the facts. For purposes of this review, and for the reasons discussed *infra*, the Court cites to and relies on the unopposed Proposed Findings of Fact and Conclusions of Law entered on October 3, 2019, in Case No. 3:19-cv-18703-BRM. Bankr. R. 9033(d) advisory committee's note to 1987 amendment (citing Fed. R. Civ. P. 72(b)).

bankruptcy court granted the motion and determined that the Amended Complaint should be dismissed in its entirety. (*Id.*) Karagjozi appealed the bankruptcy court's decision to reconsider Respondents' motion to dismiss on October 18, 2019.

## II.   JURISDICTION

Before reaching the merits, this Court must determine if it has jurisdiction to hear this appeal. District courts possess two types of appellate jurisdiction over bankruptcy court orders: mandatory jurisdiction over appeals "from final judgements, orders, and decrees," and discretionary appellate jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). Here, Karagjozi's appeal does not specify the basis for this Court's jurisdiction. (ECF No. 10 at 6) ("This Court has jurisdiction to review the order of the United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a).") As discussed below, the Court lacks mandatory appellate jurisdiction because the Bankruptcy Court's order granting reconsideration is not a final judgment, order, or decree. Further, for the reasons set forth herein, the Court declines to exercise discretionary appellate jurisdiction.

### A.  Mandatory Appellate Jurisdiction Over Final Bankruptcy Orders

District courts have mandatory appellate jurisdiction over appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). Reviewing courts

> consider four factors to determine whether a [lower] court's decision in a bankruptcy case is final: (1) the impact of the assets of the bankruptcy estate; (2) the need for further fact-finding on remand; (3) the preclusive effect of a decision on the merits; and (4) the interests of judicial economy.

*In re Armstrong World Indus.*, 432 F.3d 507, 511 (3d Cir. 2005) (citing *In re Owens*, 419 F.3d 195, 203 (3d Cir. 2005)). Courts apply this four-factor test against a background of "pragmatic considerations unique to this area of law" and "have traditionally applied a relaxed standard of

finality in bankruptcy cases." *Buncher Co. v. Off'l Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d. Cir. 2000). With respect to motions for reconsideration, courts in this Circuit have found "[a]n order denying reconsideration is final if the underlying order is final and together the orders end the litigation on the merits." *Ahmed Amr v. Greenberg Traurig LLP*, Case No. 13-337, 2016 U.S. Dist. LEXIS 134303, at *22 (D.N.J. Sep. 29, 2016) (quoting *United States v. Monahan*, 497 B.R. 642, 646 (1st Cir. B.A.P. 2013)).

Here, the bankruptcy court determined that the underlying matter was "the type of core proceeding discussed in *Stern v. Marshall*, 546 U.S. 462 (2011)." (Case No. 3:19-cv-18703-BRM, ECF No. 1 at 2.) Based on that determination, the bankruptcy court lacked constitutional authority to enter a final judgment and instead submitted proposed findings of fact and conclusions of law. (*Id.* at 7.) Therefore, because the underlying order was not final, the Bankruptcy Court's order granting reconsideration is also not a final judgment, order, or decree, and this Court lacks mandatory appellate jurisdiction.

**B. Discretionary Appellate Jurisdiction Over Interlocutory Bankruptcy Orders**

District courts have discretionary appellate jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. 158(a)(3). To guide the exercise of their discretionary appellate jurisdiction, district courts use the criteria for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). *See Jacobo v. BAC Home Loans Serv'g, LP*, 477 B.R. 533, 537 (D.N.J. 2012). That is to say,

> district courts will grant leave to file an interlocutory appeal when the [bankruptcy court's] order at issue: (1) involves a controlling question of law upon which there is (2) substantial grounds for different of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation.

*In re Phila. Newspapers, Inc.*, 418 B.R. 548, 557 (E.D.Pa. 2009), *aff'd as to jurisdictional holding*, 559 F.3d 298, 303 n.5 (3d Cir. 2010).

With regard to the first and third criteria, a question of law is "controlling" if it is "serious to the conduct of the litigation, either practically or legally," and "would result in reversible error upon final appeal." *Florence v. Bd. of Chosen Freeholders of Burlington Cty.*, 657 F. Supp. 2d 504, 508 (D.N.J. 2009). Decision of a "controlling" question will likely advance the ultimate termination of the litigation because an immediate appellate decision will result in the "saving of time of the district court and of expense to the litigants." *P. Schoenfeld Asset Mgmt. v. Cendant Corp.*, 161 F. Supp.2d 355, 359 (D.N.J. 2001).

Courts narrowly interpret the second criterion. "A 'substantial ground for difference of opinion' must 'arise out of genuine doubt as to the correct legal standard.'" *FTC v. Wyndham Worldwide Co.*, 10 F. Supp.3d 602, 634 (D.N.J. 2014) (quoting *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996)). "Mere disagreement with the district court's ruling" is insufficient to create "genuine doubt." *Interfaith Cmty. Org., Inc. v. PPG Indus.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (quoting *Kapossy*, 942 F. Supp. at 1001). Even conflicting decisions of other courts do not constitute a substantial ground for difference of opinion. *See Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992), *aff'd*, 9 F.3d 303 (3d Cir. 1993).

"However, these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal." *In re SemCrude, L.P.*, 407 B.R. 553, 557 (D. Del. 2009). To the contrary, "[l]eave to file an interlocutory appeal may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue." *Id.*; *see also Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 273 (S.D.N.Y. 2017) ("Such unfettered discretion [to grant or deny leave to appeal an interlocutory

order under § 1292(b)] can be for any reason, including docket congestion and the system-wide costs and benefits of allowing the appeal." (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014))). Additionally, the appellant "must . . . demonstrate that exceptional circumstances exist." *Phila. Newspapers*, 418 B.R. at 557 (quoting *SemCrude*, 407 B.R. at 557).

The Court declines to exercise its discretionary jurisdiction because there appears to be no "genuine doubt" about the proper legal standard at issue, and Karagjozi has not demonstrated exceptional circumstances warranting an interlocutory appeal. Accordingly, the Court declines to exercise its discretionary jurisdiction over this appeal and orders it **DISMISSED FOR LACK OF JURISDICTION**. Further, Karagjozi's Motion to Raise the Bankruptcy Court's Lack of Subject Matter Jurisdiction is **DISMISSED AS MOOT**.

Having dismissed Karagjozi's Appeal, the Court now looks to the bankruptcy court's proposed findings of fact and conclusions of law in evaluating the remaining motions.

### III.   LEGAL STANDARD

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *In re Beers*, Case No. 09-1666, 2009 U.S. Dist. LEXIS 111218, at *8 (D.N.J. Nov. 30, 2009) (quoting *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 157 (D.N.J. 2005)). A district court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)).

Pursuant to Bankr. R. 9033(d), a district judge exercises *de novo* review over "any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made." Bankr. R. 9033(d). Those specific written objections are to be made "within 14 days after being served with a copy of the proposed findings of fact and conclusions of law." Bankr. R. 9033(b). Following a showing of cause, the bankruptcy judge may extend the time to file an objection for another 21 days from the expiration of the initial timeframe. Bankr. R. 9033(c). While the rule does not specify the procedure for district court review in the absence of written objection, the Advisory Committee Note indicates Bankr. R. 9033(d) "adopts the *de novo* review provisions of Fed. R. Civ. P. 72(b)." Bankr. R. 9033(d) advisory committee's note to 1987 amendment. The Advisory Committee Note to Fed. R. Civ. P. 72(b) states, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Therefore, in the absence of an objection, the district court need only review the face of the record for clear error before adopting the bankruptcy judge's recommendation. *Davis v. The Merv Griffin Co.*, 128 B.R. 78, 80 (D.N.J. 1991).

Here, the bankruptcy judge filed the proposed findings of fact and conclusions of law on October 3, 2019. (ECF No. 1.) Accordingly, Karagjozi had until October 17, 2019, to object to the findings and until November 7, 2019, to request additional time to file an extension.  Karagjozi did neither; so, the Court reviews the bankruptcy judge's proposed findings of fact and conclusions of law for clear error.

Having reviewed the proposed findings of fact and conclusions of law, the Court finds it should adopt the recommendation without modification. Accordingly, Respondents' Motion to

Confirm and Adopt the Bankruptcy Court's Recommendation of Dismissal (Case No. 3:19-cv-18703-BRM, ECF No. 2) is **GRANTED.**

In adopting this recommendation, the Court finds Karagjozi's Amended Complaint should be dismissed, thereby mooting Karagjozi's Motion to Withdraw Reference (Case No. 3:19-cv-17223-BRM, ECF No. 1). Accordingly, the motion is **DISMISSED AS MOOT.**

### IV.    CONCLUSION

For the reasons set forth above, Karagjozi's appeal (Case No. 3:19-cv-19110-BRM, ECF No. 10) is **DISMISSED FOR LACK OF JURISDICTION**, Karagjozi's Motion to Raise the Bankruptcy Court's Lack of Subject Matter Jurisdiction (Case No. 3:19-cv-19110-BRM, ECF No. 12) is **DISMISSED AS MOOT**,  Respondents' Motion to Confirm and Adopt the Bankruptcy Court's Recommendation of Dismissal (Case No. 3:19-cv-18703-BRM, ECF No. 2) is **GRANTED**, and Karagjozi's Motion to Withdraw Reference (Case No. 3:19-cv-17223-BRM, ECF No. 1) is **DISMISSED AS MOOT**. An appropriate order will follow.


**Date: June 29, 2020**                               */s/ Brian R. Martinotti*
                                                    **HON. BRIAN R. MARTINOTTI**
                                                    **UNITED STATES DISTRICT JUDGE**